UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

ESTHER B. GARCIA
and other similarly situated individuals,

       Plaintiff (s),

v.

EPDUSA, INC.,
a/k/a LA GIRALDILLA RESTAURANT,
ERICK DE LA TORRE, and
YANELQUIS O. DE LA TORRE,

       Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

      COMES NOW the Plaintiff ESTHER B. GARCIA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants EPDUSA, INC. a/k/a LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE, and YANELQUIS O. DE LA TORRE, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ESTHER B. GARCIA (hereinafter ESTHER B. GARCIA, or Plaintiff) is a resident of Tampa, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant EPDUSA, INC. a/k/a LA GIRALDILLA RESTAURANT (hereinafter, LA GIRALDILLA RESTAURANT, or Defendant) is a Florida corporation, having place of business in Tampa, Florida, where Plaintiff worked for Defendant. At all times, Defendant was and is engaged in interstate commerce.

4.  The individual Defendants ERICK DE LA TORRE, and YANELQUIS O. DE LA TORRE, were and are now, the owners/partners and managers, and they directed operations of LA GIRALDILLA RESTAURANT. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  The Complete name of Plaintiff ERICK DE LA TORRE is ERICK P DIEGO DE LA TORRE, as per the Division of Corporations of Florida. In this Complaint we are going to use the name of ERICK DE LA TORRE to avoid confusions with his middle name.

6.  All the actions raised in this complaint took place in Tampa-Hillsborough County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

7.  This cause of action is brought by Plaintiff as a collective action to recover from Defendants unpaid regular hours, minimum wages, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). This action is brought on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in

excess of forty (40) or less hours during one or more weeks on or after April 2017, (the "material time") without being properly compensated.

8.  Corporate Defendant LA GIRALDILLA RESTAURANT is a retail business operating as a Cuban cafeteria restaurant. The primary function of this restaurant is to sell Cuban food to customers, whether they sit-down, carry out the food, or have it delivered. Defendants also sells alcoholic beverages. This business was located at 1003 W Hillsborough Avenue, Tampa 33603, where Plaintiff worked.

9.  Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE employed Plaintiff ESTHER B. GARCIA from April 25, 2017 to June 21, 2019, or 112 weeks.

10. Plaintiff was hired as a non-exempt, full-time, hourly employee.  Plaintiff was a waitress who was paid as a tipped employee at the rate of $5.08, $5.23, and $5.44 an hour plus tips. Plaintiff had also other non-tippable duties, like janitorial work.

11. Plaintiff worked every week a minimum average of 5 days with 35 working hours. Some weeks Plaintiff worked 6 days with a minimum of 42 hours, or double shifts with more than 42 hours. Plaintiff was not paid for overtime hours at any rate, not even the minimum wage rate.

12. Plaintiff had an irregular schedule, but at least during her last year of employment she worked the afternoon shift, 5 days per week. From Mondays to Saturdays from 5:00 PM to 12:00 AM (7 hours); and on Saturdays the morning shift from 11:00 AM to 5:00 PM (6 hours), working this schedule Plaintiff completed a minimum of 35 working hours each week. Plaintiff was unable to take bona-fide lunch breaks.

13. While working as a waiter, Plaintiff was a tipped employee who was paid $5.08, $5.23, and $5.44 minimum wage for tipped employees, plus tips that she retained as her own property. However, Defendants were not entitled to a tip credit because they did not establish a valid tip pooling agreement. Wrongfully, demanded from the waitresses including Plaintiff, to "pay" from their tips an approximate amount of $75.00 weekly each, to cover $500.00 which were the dishwasher's wages. Plaintiff paid her share of $75.00 with the proceeds of her tips. Thus, Defendants established an invalid tip pooling agreement because of the participation of a non-qualified employee such as the dishwasher. Defendants paid the dishwasher's wages with the tips belonging to Plaintiff and other waitresses.

14. Therefore, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage or $8.10, $8.25, and $8.46 an hour for all the time Plaintiff worked at LA GIRALDILLA RESTAURANT.

15. Moreover, during 2019, Defendants did not pay Plaintiff 16 weeks her regular wages.

16. During her entire period of employment with Defendants, Plaintiff was not paid her wages on timely fashion. She was paid her wages irregularly, always late and in partial payments.

17. Plaintiff clocked and Plaintiff and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees.

18. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for every regular hour that she worked, in violation in violation of Section 206 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206 (a)).

19. Plaintiff was paid bi-weekly with checks and cash, but she was paid always for previous unpaid weeks.

20. Plaintiff was always in disagreement with the irregularity of the payment and she complained many times about the lack of payment for regular hours and some overtime hours.  Plaintiff subsisted only with her earned tips.

21. On or about June 22, 2019, after many failed promises to be paid, Plaintiff called Defendant YANELQUIS O. DE LA TORRE to request her overdue wages. Defendant YANELQUIS O. DE LA TORRE got very upset, fired Plaintiff, and requested her to came to the restaurant to sign resignation papers.  Plaintiff refused to sign any paper, and Defendants refused to pay Plaintiff her hard-earned wages.

22. Plaintiff is not in possession of time, and payment records, and is unable to provide an estimate about the unpaid overtime hours.  In this complaint, Plaintiff is including only one count for Minimum Wages. After Defendants provide time and payment records, Plaintiff will amend her Complaint to add an Overtime Count.

23. Plaintiff ESTHER B. GARCIA intends to recover full minimum wages for every hour that was improperly paid to her at the wage-rate for tipped employees; 16 weeks of unpaid regular wages accumulated in 2019; retaliatory damages; liquidated damages, and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the

unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

25. Plaintiff ESTHER B. GARCIA re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

26. Defendant LA GIRALDILLA RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a cashier, cafeteria attendant, and waitress. Plaintiff through her daily activities, regularly completed credit card transactions.  In addition, Plaintiff handled, or otherwise worked on goods and/or materials that were produced for

commerce and were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. This action is brought by Plaintiff ESTHER B. GARCIA and those similarly-situated to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 (a) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

29. Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE employed Plaintiff ESTHER B. GARCIA from April 25, 2017 to June 21, 2019, or 112 weeks.

30. Plaintiff was hired as a non-exempt, full-time, hourly employee.  Plaintiff was a waitress who was paid as a tipped employee at the rate of $5.08, $5.23, and $5.44 an hour plus tips. Plaintiff had also other non-tippable duties, like janitorial work.

31. During her entire period of employment with Defendants Plaintiff worked every week a minimum average of 5 days with 35 working hours. Some weeks Plaintiff worked 6 days or double shifts resulting on more than 40 hours weekly.

32. Plaintiff had an irregular schedule, but she always worked a minimum of 35 hours weekly. At least during her last year of employment, Plaintiff worked the afternoon shift, 5 days per week. Usually, from Mondays to Saturdays from 5:00 PM to 12:00 AM (7 hours); and on Saturdays the morning shift from 11:00 AM to 5:00 PM (6 hours), working this schedule Plaintiff completed a minimum of 35 working hours each week. Plaintiff was unable to take bona-fide lunch breaks.

33. Plaintiff was a tipped employee who was paid $5.08, $5.23, and $5.44 minimum wage for tipped employees, plus tips that she retained as her own property. However, Defendants were not entitled to a tip credit because they did not establish a valid tip pooling agreement. Wrongfully, Defendants demanded from the waitresses including Plaintiff, to "pay" from their tips an approximate amount of $75.00 weekly each, to cover $500.00, which were the dishwasher's wages. Plaintiff paid her share of $75.00 with the proceeds of her tips. Thus, Defendants established an invalid tip pooling agreement because of the participation of a non-qualified employee such as the dishwasher. Defendants paid the dishwasher's wages with the tips belonging to Plaintiff and other waitresses.

34. Therefore, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage or $8.10, $8.25, and $8.46 an hour for all the time Plaintiff worked at LA GIRALDILLA RESTAURANT.

35. During her entire period of employment with Defendants, Plaintiff was not paid her wages on timely fashion. Plaintiff was paid irregularly, always late and in partial payments.

36. Moreover, during 2019, Defendants did not pay Plaintiff 16 weeks her regular wages.

37. Plaintiff clocked and Plaintiff and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees.

38. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for every regular hour that she worked, in violation in violation of Section 206 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206 (a)).

39. Plaintiff was paid bi-weekly with checks and cash, but she was paid always late for previous unpaid weeks.

40. Plaintiff is not in possession of time, and payment records, and she will provide a good faith estimate about her unpaid wages based on a workweek of 35 hours and her best recollections. Plaintiff will amend her Complaint after proper discovery.,

41. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class, since management did not keep any time-keeping method.

42. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage.
  As per FLSA regulations the higher minimum wage applies

    a.  <u>Total amount of alleged unpaid minimum wages</u>:

       Fourteen Thousand Eight Hundred Eighty-Four Dollars and 80/100 ($14,884.80)

    b.  <u>Calculation of such wages</u>:
       Total relevant weeks:  112 weeks

        **I.  Unpaid Minimum Wages for 2017 = 36 weeks**
            Total relevant weeks = 36 weeks
            Total hours worked= 35 hours weekly
            Regular rate: Fl Min wage 2017: $8.10
            Rate paid: $5.08 an hour
            Full Minimum wage: $8.10-$5.08 rate paid=$3.02 difference

       Min. wage difference $3.02 x 35 working hours= $105.70 weekly
       $105.70 x 36 weeks= $3,805.20

        **II.  Unpaid Minimum wages for 2018 = 52 weeks**
            Total relevant weeks = 52 weeks
            Total hours worked= 35 hours weekly
            Regular rate: Fl Min wage 2018: $8.25
            Rate paid: $5.23 an hour
            Full Minimum wage: $8.25-$5.23 rate paid=$3.02 difference

       Min. wage difference $3.02 x 35 working hours= $105.70 weekly

$105.70 x 52 weeks= $5,496.40

III.   **Unpaid Minimum wages for 2019 = 24 weeks**
Total relevant weeks = 8 weeks
Total hours worked= 35 hours weekly
Regular rate: Fl Min wage 2019: $8.46
Rate paid: $5.44 an hour
Full Minimum wage: $8.46-$5.44 rate paid=$3.02 difference

Min. wage difference $3.02 x 35 working hours= $105.70 weekly
$105.70 x 8 weeks= $845.60

IV.   **Unpaid Minimum Wage /16 unpaid weeks**
Total relevant weeks = 16 weeks
Total hours worked= 35 hours weekly
Total unpaid hours= 35 hours weekly
Regular rate: Fl Min wage 2019: $8.46
Rate paid: $0.00 an hour

Minimum wage: $8.46 x 35 hours=$296.10 difference
$296.10 x 16 weeks = $4,737.60

Total I, II, III, and IV: $14,884.80

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid minimum wages at Florida minimum wage-rate.

45. Plaintiff was not paid full minimum wages for a substantial number of hours during the relevant period. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff.

46. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's

employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At the times mentioned, individual Defendants ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE were owners/partners/managers, and they directed operations of LA GIRALDILLA RESTAURANT. Defendants ERICK DE LA TORRE, and YANELQUIS O. DE LA TORRE were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of LA GIRALDILLA RESTAURANT in relation to its employees, including Plaintiff and others similarly situated. Defendants ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and they are jointly and severally liable for Plaintiff's damages.

48. Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE willfully and intentionally refused to pay Plaintiff ESTHER B. GARCIA and all other similarly situated employees, minimum wages as required by the law of the United States and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff, and other similarly situated employees, seeks to recover for minimum wage violations accumulated for the relevant time of employment. Plaintiff has

retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ESTHER B. GARCIA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ESTHER B. GARCIA and other similarly situated and against the Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE, and YANELQUIS O. DE LA TORRE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff ESTHER B. GARCIA actual damages in the amount shown to be due for unpaid minimum wages.

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ESTHER B. GARCIA demands trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

50. Plaintiff ESTHER B. GARCIA re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

51. Defendant LA GIRALDILLA RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

52. The Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a cashier, restaurant attendant, and waitress. Plaintiff through her daily activities, regularly completed credit card transactions.  In addition, Plaintiff handled, or otherwise worked on goods and/or materials that were produced for commerce and were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

55. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

56. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

57. Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE employed Plaintiff ESTHER B. GARCIA from April 25, 2017 to June 21, 2019, or 112 weeks.

58. Plaintiff was hired as a non-exempt, full-time, hourly employee.  Plaintiff was a waitress who was paid as a tipped employee at the rate of $5.08, $5.23, and $5.44 an hour plus tips.

59. During her entire period of employment with Defendants Plaintiff worked every week a minimum average of 5 days with 35 working hours. Some weeks Plaintiff worked 6 days or double shifts resulting on more than 40 hours weekly.

60. Many weeks Plaintiff worked more than 40 hours weekly, but Defendants did not pay her overtime hours. Plaintiff was unable to take bona-fide lunch breaks.

61. Plaintiff was a tipped employee who was paid $5.08, $5.23, and $5.44 minimum wage for tipped employees, plus tips that she retained as her own property. However, Defendants were not entitled to a tip credit because they did not establish

a valid tip pooling agreement. Wrongfully, Defendants demanded from the waitresses including Plaintiff, to "pay" from their tips an approximate amount of $75.00 weekly each, to cover $500.00, which were the dishwasher's wages. Plaintiff paid her share of $75.00 with the proceeds of her tips. Thus, Defendants established an invalid tip pooling agreement because of the participation of a non-qualified employee such as the dishwasher. Defendants paid the dishwasher's wages with the tips belonging to Plaintiff and other waitresses.

62. Therefore, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage or $8.10, $8.25, and $8.46 an hour for all the time Plaintiff worked at LA GIRALDILLA RESTAURANT.

63. During her entire period of employment with Defendants, Plaintiff was not paid her wages on timely fashion. Plaintiff was paid irregularly, always late and in partial payments.

64. Moreover, during 2019, Defendants did not pay Plaintiff 16 weeks her regular wages.

65. Plaintiff clocked and Plaintiff and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees.

66. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for every regular hour that she worked, in violation in violation of Section 206 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206 (a)).

67. Plaintiff was always in disagreement with the irregularity of the payment and she complained many times about the lack of payment for regular hours and some overtime hours. Plaintiff subsisted only with her earned tips.

68. Plaintiff complained and requested her unpaid wages, overtime hours, and protested about unlawful tip deductions multiple times. More recently, Plaintiff complained on June 3, June 13, June 14, 2019.

69. These complaints constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

70. On or about June 22, 2019, after many broken promises to be paid, Plaintiff called Defendant YANELQUIS O. DE LA TORRE to request her overdue wages. Defendant YANELQUIS O. DE LA TORRE got very upset, fired Plaintiff, and requested her to sign resignation papers. Plaintiff refused to sign any paper. Defendants fired Plaintiff, but they did not pay Plaintiff her unpaid wages.

71. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

72. The termination of Plaintiff ESTHER B. GARCIA by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against her, because of her multiple complains about regular and overtime payment, in violation of Federal Law.

73. Plaintiff's termination came just in closed proximity after Plaintiff's participation in protected activity.

74. At the times mentioned, individual Defendant ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE were the owners/partners/managers, and they

directed operations of LA GIRALDILLA RESTAURANT. Defendant ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of LA GIRALDILLA RESTAURANT in relation to its employees, including Plaintiff and others similarly situated. Defendant ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and they are joint and severally liable for Plaintiff's damages.

75. Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE willfully and maliciously retaliated against Plaintiff because she engaged in protected activity.

76. The Defendants' termination of Plaintiff's employment was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

77. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ESTHER B. GARCIA respectfully requests that this Honorable Court:

    A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants LA GIRALDILLA RESTAURANT, ERICK DE LA TORRE and YANELQUIS O. DE LA TORRE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ESTHER B. GARCIA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff ESTHER B. GARCIA demands trial by jury of all issues triable as of right by jury.

Dated: August 22, 2019

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*